# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Lee Pelzer, #311633, | ) | Civil Action No. 2:09-2957-MBS |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Mae F. Carwile; Michael McCall R. L. Turner; Vernon Miller, | ) | |
| Defendants. | ) | |

Plaintiff Thomas Lee Pelzer ("Plaintiff") is an inmate housed at the Perry Correctional Institution in the South Carolina Department of Corrections ("SCDC"). Plaintiff filed his *pro se* complaint on November 13, 2009 pursuant to 42 U.S.C. § 1983. Entry 1. Defendants are employees at the Perry Correctional Institution. Mae F. Carwile ("Carwile") is a correctional officer, Michael McCall ("McCall") is the Warden, R. L. Turner ("Turner") is the Disciplinary Hearing Officer (DHO), and Vernon Miller ("Miller") is a Captain at the Perry Correctional Institution.

In the complaint, Plaintiff challenges his disciplinary conviction for Offense 854 (exhibitionism and public masturbation). Plaintiff alleges the incident report charging Plaintiff with Offense 854 was prepared by Carwile and does not comply with SCDC policies and procedures. Id. at 5-6. Plaintiff alleges that "Mr. Turner [was] aware of the policies yet he disregarded policy and found me guilty despite the fact that Mae Carwile herself transgressed policy by not clearly stating the location of the alleged offense on the incident or at the hearing." Id. at 6. Plaintiff further alleges that "Mr. Turner and Mae Carwile are sexually and romantically involved with each other, as well as Mae Carwile with other staff members such as Sergeant Williams and Lieutenant Rodrigues." Id. Plaintiff contends that "Defendant Turner and defendant Carwile violated Plaintiffs due process

rights for [the defendant] Ms. Carwile presented no evidence save for her insufficient testimony where as she didn't state location of the incident as policy requires, and due to his sexual involvement with defendant Ms. Carwile defendant Turner relied on this insufficiency despite the fact that there is no evidence 'in the log book' . . . which is required by SCDC Policy." Id. at 8. Plaintiff requests a jury trial and prays for relief in the form of a declaratory judgment, a preliminary and permanent injunction, as well as nominal and punitive damages. Id. at 10.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On November 18, 2009, the Magistrate Judge issued a Report and Recommendation in which he recommended Plaintiff's complaint be dismissed without prejudice because (1) Plaintiff's allegation that Carwile's incident report did not comply with SCDC policy does not rise to the level of a due process violation under Wolff v. McDonnel, 418 U.S. 539, 556 (1974) and (2) Plaintiff failed to show that his disciplinary convictions were overturned, as required by Heck v. Humphrey, 512 U.S. 477 (1994). Entry 10. Plaintiff filed an objection to the Report and Recommendation on December 2, 2009. Entry 14.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been

filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

The court has conducted a *de novo* review of the complaint and hereby concurs in the Magistrate Judge's recommendation that this case be summarily dismissed without prejudice. The Magistrate Judge correctly determined that Plaintiff's claim challenging his disciplinary conviction is barred because Plaintiff failed to show that his disciplinary convictions were overturned, as required by Heck v. Humphrey, 512 U.S. 477 (1994). According to Heck, "[w]hen a prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487.

Accordingly, Plaintiff's complaint is dismissed *without prejudice* and without issuance and service of process. The Magistrate Judge's Report and Recommendation is incorporated herein by reference.

**IT IS ORDERED.**

s/Margaret B. Seymour
United States District Judge

May 3, 2010
Columbia, South Carolina